Okey, 4.
This suit to recover for the value of-improvements would have been denominated, under our former *663 practice, an action at law. Its nature is not changed by the blending of suits at law and in equity under the general name of civil action. Nor is the distinctive character of the suit changed by the answer of the corporation, in which a recovery for rent is demanded upon the ground that there was a renewal of the lease. The only contingency upon which the lessees were required to renew, was that the lessor should, during the term mentioned in the lease, “ purchase the title in fee simple to said premises.” This condition was not satisfied by a mere agreement for such title, and the title acquired subsequently to September 1, 1879, was not available to the lessor in making defense to the action in the court below, on the issue there presented.
The lessor insists, however,- that the lessees continued to occupy the premises subsequently to September 1, 1879, and hence must be regarded as consenting to such renewal. But whether temporary and partial occupancy of premises by lessees should be regarded as consent to and in effect a renewal, under such a clause in a lease, must be determined from the circumstances, and not merely from the fact of such occupancy. Looking to the terms of the notice to renew, given by the lessor on August 30, 1879, the refusal of the lessees to renew, their removal from the premises on September 2, 1879, and the return of the keys to the office of the lessor shortly thereafter, we are led to the conclusion that there was no act of the lessees which should estop them to deny such renewal The fact that a small quantity of coal was permitted to remain in one of the bins until September 18,1879, is explained in the testimony, and cannot properly lead to any other conclusion than the one already stated, for the intention not to renew had already been manifested in unmistakable form.
There is no error in the record.

Motion overruled.